IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

      **Plaintiff,**

      v.                                    CASE NO. 25-3179-JWL

**DONALD J. TRUMP, President of the
United States, et al.,**

      **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff brings this pro se action invoking 28 U.S.C. § 1331. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court provisionally grants Plaintiff leave to proceed in forma pauperis. For the reasons set forth below, the Court dismisses this matter for failure to state a claim.

**I. Nature of the Matter Before the Court**

Plaintiff has named President Donald Trump and the United States of America as defendants in this case. Plaintiff alleges that President Trump "is giving aid and comfort to our enemies, trying wholeheartedly to save the world while allowing the state corporations such as the Kansas Dept. of Corrections to enslave the American people, without even attempting rehabilitation due to overcrowding." (Doc. 1, at 2.)

Plaintiff alleges treason in all three of his counts in his Complaint. As Count I, Plaintiff alleges treason based on President Trump's meeting with Russian President Putin in Alaska. *Id*. at 3. As Count II, Plaintiff alleges treason based on "sending money and military grade weapons to Ukrainian President [ ] and government. *Id*. As Count III, Plaintiff alleges treason, based on

1

"allowing foreign countries to process our food supply and manufacture our communications equipment (giving them comfort and control)." *Id.* at 3–4.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

**III. DISCUSSION**

Plaintiff brings treason claims against the President and the United States of America. "Although there are criminal statutes prohibiting Treason, there is no private right of action for Treason under the law." *Manosh v. Guards State Office Bldg.*, 2018 WL 3062584, at *3 (N.D.N.Y. 2018) (citations omitted); *see also Wedel v. Cenera Bank*, 2010 WL 2949973, at *5 (D. Kan. 2010) ("There is no private cause of action for 'treason.'") (citing *Kaw Nation v. Springer,* 341 F.3d 1186 (10th Cir. 2003) (upholding dismissal where no private cause of action existed for violation of a criminal statute preventing the conduct at issue)); *see also Wenger v. Shankle*, 2025 WL 2419718, at *2 (D. Kan. 2025) ("Thus, there is no private cause of action for treason.") (citation omitted).

The Court finds that Plaintiff fails to state a claim for relief. Treason "is a criminal statute which does not create a private right of action and, therefore, cannot be relied upon by a civil plaintiff to state a claim for relief." *Barrett v. Biden*, 2022 WL 16528195, at *2 (D.D.C. 2022) (citing *see Prunte v. Universal Music Group*, 484 F. Supp. 2d 32, 42 (D.D.C. 2007) ("[The] Supreme Court has refused to imply a private right of action in a bare criminal statute.") (citation and internal quotation marks omitted); *see also Quinn v. Robinson*, 783 F.2d 776, 793–94 (9th Cir. 1986) ("These offenses, which include treason, sedition, and espionage . . . do not violate the private rights of individuals[.]"), *cert. denied*, 479 U.S. 882 (1986); *Noone v. Town of Palmer*, 2 F. Supp. 3d 1, 11 (D. Mass 2014) ("finding that 18 U.S.C. § 2381 is a criminal statute which does not provide a private right of action.") (footnote omitted); *Cassaday v. Trump*, No. 22-cv-682, 2022 WL 3082464, at *4 (W.D. Mich. Aug. 3, 2022) (holding that "political offenses[,]" including treason, "exist solely because the very political entity, the state, has criminalized such conduct for its self-preservation" . . . [s]uch crimes are perpetrated directly

against the state and do not intend to cause private injury.) (quoting *Ordinola v. Hackman*, 478 F.3d 588, 596 (4th Cir. 2007) (internal quotation marks omitted) (collecting additional cases)); *Doe v. FBI*, No. PX-18-0707, 2019 WL 280268, at *4 (D. Md. Jan. 22, 2019) (finding that, where plaintiff's allegations were "tantamount to an act of war against the government, and that [d]efendants [had] therefore committed treason in violation of Article III, Section III of the United States Constitution" . . . [b]ecause "[t]reason is best understood as a crime committed against the United States . . . no private right of action exists that would allow an individual plaintiff to pursue" a claim of treason against the government.) (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 560 (2004); *Taylor v. Virginia*, No. 2:15-cv-429, 2015 WL 13050092, at *1 (E.D. Va. Oct. 27, 2015) (other citations omitted)); *Corrado v. New York Off. of Temporary*, No. 15-cv-7316, 2016 WL 3181128, at *5 (E.D.N.Y. Jun. 2, 2016) (finding that there is no private right of action under 18 U.S.C. § 2381) (citing *Nguyen v. Ridgewood Sav. Bank*, No. 14-cv-1058, 2015 WL 2354308, at *13 (E.D.N.Y. May 15, 2015)); *Shaughnessy v. New York*, 2014 WL 457947, at *7 (N.D.N.Y. Feb. 4, 2014) (finding that treason is "always prosecuted by the Federal Government, not by private complaints[,]" and that "there is no private right of action for the crime.") (citing *Hill v. DiDio*, 191 F. App'x 13, 14–15 (2d Cir. 2006); *Carvel v. Ross*, No. 09 Civ. 722, 2011 WL 856283, at *12 (S.D.N.Y. Feb. 16, 2011) (collecting cases) (other citations omitted)); *Vinh Hung Lam v. Citigroup, Inc.*, No. No. CV 08–4317, 2008 WL 11343432, at *2 (C.D. Cal. Aug. 18, 2008) (finding that plaintiff failed to state a civil claim because "[t]he United States Code makes treason a crime[,]" and that 18 U.S.C. § 2381 "can be enforced only by the proper authorities of the United States government, such as United States attorneys.") (citing 28 U.S.C. § 547) (internal quotation marks and other citations omitted)).

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Appoint Class Counsel (Doc. 4) is **denied.**

**IT IS SO ORDERED**.

**Dated September 3, 2025, in Kansas City, Kansas.**

>    **S/ John W. Lungstrum**
>    **JOHN W. LUNGSTRUM**
>    **UNITED STATES DISTRICT JUDGE**