IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JOSHUA JENSEN,

    **Plaintiff,**

v.                                                            CASE NO. 25-3179-JWL

DONALD J. TRUMP, President of the
United States, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se action invoking 28 U.S.C. § 1331. Plaintiff is incarcerated at the Lansing Correctional Facility in Lansing, Kansas. The Court provisionally granted Plaintiff leave to proceed in forma pauperis. On September 3, 2025, the Court entered a Memorandum and Order (Doc. 6) dismissing this case for failure to state a claim. This matter is before the Court on Plaintiff's Motion to Dismiss (Doc. 10) filed on October 2, 2025.

Plaintiff seeks to voluntarily dismiss this case "without a strike." (Doc. 10, at 1.) Plaintiff alleges that his case is not frivolous, and he has "no access to facts or theory." *Id*. The Court has already screened this case and dismissed it for failure to state a claim.

This Court has previously denied a request to voluntarily dismiss after the Court has expended considerable time and effort in screening the complaint and entering an order to show cause why the case should not be dismissed for failure to state a claim. *See Schlobohm v. Ash*, 2025 WL 306109, at *1 (D. Kan. 2025). In *Schlobohm*, this Court found that:

> In *Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014), the magistrate judge had screened the plaintiff prisoner's complaint and issued a report and recommendation. Before the district court considered the report and recommendation, the plaintiff filed a motion for voluntary dismissal under

1

> Fed.R.Civ.P. 41(a)(1). The district court denied the motion because the magistrate had already expended considerable time and effort in finding that the plaintiff failed to state a claim and because the plaintiff was a "frequent filer." The plaintiff appealed, and the Tenth Circuit held as follows:
>
>> While Rule 41(a)(1)(A)(i) allows for voluntary dismissal without a court order where the opposing party has not yet served an answer or motion for summary judgment, Mr. Large cannot use it to avoid the effect of a "strike" under 28 U.S.C § 1915(g) once his case was already screened and found meritless. *See* 28 U.S.C. § 1915A(a), (b) (directing court to screen and dismiss frivolous suits by prisoners against government entities); Fed.R.Civ.P. 41(a)(1)(A) (stating voluntary dismissal is subject to applicable federal statutes); *Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 497 (6th Cir. 2012) (unpublished); *see also Hines v. Graham*, 320 F. Supp. 2d 641, 644 (N.D. Tex. 2004); *Sumner v. Tucker*, 9 F. Supp. 2d 641, 644 (E.D. Va. 1998). *But see Thomas v. Phillips*, 83 F. App'x 661, 661-62 (5th Cir. 2003) (unpublished).
>
> *Large v. Beckham Cnty. Dist. Ct.*, 558 F. App'x 827, 828–29 (10th Cir. 2014) (unpublished); *see also Dreiling v. Henderson*, 2005 WL 1705733, at *2 (D. Kan. 2005) (a prisoner may not avoid the consequences of the "3–strike" provision in 28 U.S.C § 1915(g) by seeking dismissal of the action without prejudice after the court has screened the complaint).
>
> Plaintiff's motion is denied. Plaintiff cannot use voluntary dismissal under Rule 41(a) to avoid dismissal with prejudice and the effect of a strike under 28 U.S.C. § 1915(g).

*Schlobohm*, 2025 WL 306109, at *1. Based on this same reasoning, Plaintiff's motion int this case is denied. Plaintiff's Complaint was screened by the Court and dismissed for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Clerk is directed to reopen this case for purposes of entering this Memorandum and Order.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss (Doc. 10) is **denied.**

**IT IS FURTHER ORDERED** that the Clerk is directed to close this case.

**IT IS SO ORDERED**.

**Dated October 3, 2025, in Kansas City, Kansas.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**
